#9/#10 (09/14 HRG OFF)
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3811 PSG (GJSx) | Date | September 9, 2015 |
|---|---|---|---|
| Title | Sang Ok Pae v. Bank of America, N.A., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **Order DISMISSING Remaining Claims WITHOUT PREJUDICE**

Before the Court is Defendants Stonecrest Acquisitions, LLC, Jon Freeman, and Bruce Cornelius' ("Stonecrest Defendants") motion to dismiss. *See* Dkt. # 10. Also before the Court is Defendant Safeguard Properties, LLC's ("Safeguard") motion to dismiss. *See* Dkt. # 9. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the supporting and opposing papers, the Court DISMISSES the claims asserted against Stonecrest Defendants and Safeguard WITHOUT PREJUDICE.

I.     Background

Plaintiff Sang Ok Pae ("Plaintiff") filed this lawsuit on May 20, 2015 asserting claims arising out of a residential foreclosure against fifteen defendants. *See* Dkt. # 1. Plaintiff asserted the following causes of action against different clusters of defendants: (1) declaratory relief; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e, *et seq.*; (3) wrongful foreclosure; (4) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (5) violation of Cal. Bus. & Prof. Code §§ 6068(d), 6106; (6) conversion; (7) violation of Cal. Pen. Code § 496(a); (8) fraud; and (9) quiet title. *Id.*

In June and July of 2015, four groups of defendants filed separate motions to dismiss the claims against them. *See* Dkts. # 9, 10, 31, 35. The Court scheduled the hearing date for the four motions for September 14, 2015. Dkts. # 31, 35, 37, 38. Plaintiff timely opposed two of the motions – Stonecrest Defendants' motion (Dkt. # 10) and Safeguard's motion (Dkt. # 9) – in an opposition brief filed on July 13, 2015. *See* Dkt. # 39. However, Plaintiff failed to timely oppose the other motions to dismiss – Keenan McClenahan's ("McClenahan") motion (Dkt. # 31) and Defendants Bank of America, N.A. ("BOA"), Countrywide Bank, N.A., The Bank of New York Mellon fka The Bank of New York ("BNYM"), ReconTrust Company, N.A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3811 PSG (GJSx) | Date | September 9, 2015 |
|---|---|---|---|
| Title | Sang Ok Pae v. Bank of America, N.A., *et al.* | | |

("Recontrust"), CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006 OA-5, Malik Basurto, Mosen Ohadi, Todd Gaubert, and Judy Shu (collectively, "BOA Defendants") motion (Dkt. # 35). On August 28, 2015, the Court granted the two unopposed motions to dismiss and dismissed the claims asserted against McClenahan and BOA Defendants with prejudice. *See* Dkts. # 49-50.

Significantly, Plaintiff's complaint alleges federal question subject matter jurisdiction based on the FDCPA claim asserted against Defendants BOA, BNYM, and Recontrust. *See Compl.* ¶ 1. The Court dismissed the FDCPA claim against BOA, BNYM, and Recontrust when it dismissed all claims asserted against the BOA Defendants with prejudice on August 28, 2015. *See* Dkt. # 49.

Stonecrest Defendants move to dismiss all five claims asserted against them: (1) declaratory relief; (2) UCL; (3) Cal. Bus. & Prof. Code §§ 6068(d), 6106; (4) fraud; and (5) quiet title. *See Stonecrest Mot.* 5:8-16. Safeguard moves to dismiss four of the five claims asserted against it: (1) declaratory relief; (2) UCL; (3) violation of Cal. Pen. Code § 496(a); and (4) fraud. *See Safeguard Mot.* 2:2-11. Plaintiff also asserted a conversion claim against Safeguard and while Safeguard denies that it has converted any of Plaintiff's property, it "acknowledges that Plaintiff has asserted sufficient facts to state this [] cause of action against Safeguard." *Id.* 3:14-16.

II.  Legal Standard

Federal courts are courts of limited jurisdiction and limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, whomever invokes the court's jurisdiction bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). If the court lacks subject matter jurisdiction then dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").

III.  Discussion

Plaintiff's dismissed FDCPA claim against BOA, BNYM, and Recontrust was the only basis for the Court's jurisdiction over this action. *See generally Compl.*; *see also Stonecrest Mot.* 6:19-28. Thus, "[h]aving dismissed the only claim over which the Court had original jurisdiction, . . . the Court must decide whether to exercise supplemental jurisdiction over the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3811 PSG (GJSx) | Date | September 9, 2015 |
|---|---|---|---|
| Title | Sang Ok Pae v. Bank of America, N.A., *et al.* | | |

remaining state law claim[].", *See Helander v. Hoang*, No. 06CV1626 WQH (LSP), 2007 WL 433253, *4 (S.D. Cal. Jan. 23, 2007); 28 U.S.C. § 1367(c)(3).

     The causes of action asserted against Stonecrest Defendants and Safeguard are state law statutory and tort claims (UCL; Cal. Bus. & Prof. Code §§ 6068(d), 6106; Cal. Pen. Code § 496(a); fraud; quiet title) and a claim for declaratory relief, which does not provide a basis for federal question subject matter jurisdiction. *See Pharmtech Solutions, Inc. v. Shasta Tech., LLC*, No. 14-cv-3682-BLF, 2015 WL 1802764, at *2 n.1 (N.D. Cal. Apr. 20, 2015) (quoting *Medtronic, Inc. v. Mirowski Family Ventures, Inc.*, 134 S.Ct. 843, 848 (2014)) ("'the Declaratory Judgment Act does not extend the jurisdiction of the federal courts'; a plaintiff asserting a declaratory judgment action must plead an independent basis for subject matter jurisdiction"). Where, as here, the federal claim is dismissed early in the case, it is appropriate for the district court to dismiss the remaining state law claim or claims without prejudice rather than retain supplemental jurisdiction. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims asserted against Stonecrest Defendants and Safeguard and DISMISSES the claims WITHOUT PREJUDICE.

IV.    Conclusion

     For the foregoing reasons, the Court DISMISSES the claims asserted against Stonecrest Defendants and Safeguard WITHOUT PREJUDICE.

     **IT IS SO ORDERED.**